956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Lawrence Winford PRICE, Defendant/Appellant.
 No. 91-3286.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1992.
 
 Before RYAN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from the conviction and sentence of defendant-appellant, Lawrence Winford Price (Price), for conspiracy to maintain a place for unlawfully distributing cocaine base (crack), 21 U.S.C. §§ 846 and 856(a), and for possession with intent to distribute over five (5) grams of crack, 21 U.S.C. § 841 and 18 U.S.C. § 2. Arguing, among other things, insufficiency of evidence for conviction, Price contends that he was entitled to a judgment of acquittal on both counts of conviction. For the reasons set out below, we agree as to the conduct charged in the conspiracy charge of the indictment and set aside his conviction and sentence on that charge. We further find the defendant's other arguments to be without merit and affirm the conviction and sentence for possession with intent to distribute.
 
 
 2
 The government produced evidence showing that on November 25 and 28, 1988, a confidential informant made controlled purchases in an apartment located at 789 Greenfield Drive, Columbus, Ohio. Subsequent to the second controlled purchase, the SWAT team of the Columbus Police Department raided the apartment pursuant to a search warrant. As they entered, they encountered nine persons. One of those was Price who was overheard yelling for another person to let him into the bathroom. After taking control of Price, two officers observed him to be in possession of a baggie which appeared to contain crack. Breaking down the bathroom door, one officer found Price's co-defendant Keith Martin (Martin) lying on the floor. Beneath him, the officer found another baggie which appeared to contain crack. Another piece of crack was found in the hallway. A trace of cocaine was found on a mirror.
 
 
 3
 Price and the others were searched. Money totalling $256 was found in the left front and right rear pockets of Price's pants. Significantly, none of the other persons in the apartment were found to be in possession of any money, and none of the buy money was found.
 
 
 4
 A firearm was recovered from a couch in the living room. The revolver, which had three rounds in the chamber, was not directly connected to Price.
 
 
 5
 Analysis of the material in the baggie taken from Price revealed that it was crack weighing 5.47 grams. The baggie found beneath Martin contained 16.46 grams of crack.
 
 
 6
 The apartment raided was leased by John Brian Clifford (Clifford) who was present at the time of the raid. Although Clifford subsequently entered a plea of guilty to Count 4 of the indictment which charged him with making his apartment available as a crack house in violation of 21 U.S.C. § 856(a), this fact was not made known to the jury during Price's trial.
 
 
 7
 In determining the sufficiency of the evidence to support a guilty verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 8
 Price claims the evidence is insufficient to sustain his conviction for conspiracy to maintain a place to distribute crack under 21 U.S.C. § 846. Section 846 provides that "[a]ny person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy." 21 U.S.C. § 846.
 
 
 9
 The essential element of conspiracy is that "the members of the conspiracy in some way or manner, or through some contrivance, came to a mutual understanding to try to accomplish a common and unlawful plan." United States v. Pearce, 912 F.2d 159, 161 (6th Cir.1990), cert. denied, Thorpe v. United States, 111 S.Ct. 978 (1991). Proof of a formal agreement is unnecessary--a tacit or material understanding among the parties will suffice. Id. at 161. "With respect to the proof of conspiracies involving drugs, 'to obtain a conviction under section 846, the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy.' " Id. at 161 (quoting United States v. Stanley, 765 F.2d 1224, 1237 (5th Cir.1985)).
 
 
 10
 A jury may convict solely on circumstantial evidence. See, e.g., United States v. Frost, 914 F.2d 756, 762 (6th Cir.1990). However, we find on this record that the government, utilizing circumstantial evidence, failed to meet its burden of proof on the charge that Price was a member of a conspiracy to maintain a place to distribute crack.
 
 
 11
 The confidential informant who participated in the controlled buys in this case did not testify at trial. Hence, there was no admissible evidence before the jury that any crack sales occurred in the apartment rented by Clifford. Indeed, Officer Michael Malloy (Malloy)--one of the police officers who supervised the confidential informant during the two controlled purchases of crack--testified that he never even saw the confidential informant enter the apartment rented by Clifford [J.A. pp. 61 and 65].
 
 
 12
 Moreover, there was no evidence whatsoever linking Price (or Martin for that matter) to either of the two prior controlled buys of crack. The crack supposedly purchased at Clifford's apartment by the confidential informant was not shown by analysis to contain the same characteristics as that recovered from Martin or Price during the raid. The money found on Price was not that used by the confidential informant when he made the controlled purchases.
 
 
 13
 Finally, there was not the slightest evidence of any agreement between Price, Martin and Clifford to maintain the apartment leased by Clifford as a crack house. The inferences which the government contends support a finding that such an agreement existed are tenuous at best and are too strained to support Price's conviction on the conspiracy count. Pearce, 912 F.2d at 162.
 
 
 14
 As to Count 2, possession of with intent to distribute crack, Price claims that evidence of his guilt is similarly lacking. We disagree. Price was found in possession of 5.49 grams of crack and $256. Price attempted to hide in the bathroom when the raid occurred. The crack Price alone possessed weighed ten times more than what a normal unit sold on the street, a fact which would permit an inference that the crack could have been cut into smaller units. In addition, the loaded revolver found in the couch in the living room where Price was first seen by the police, although not directly connected to Price, is evidence of an intent to distribute. See, e.g., United States v. Dunn, 846 F.2d 761, 764 (D.C.Cir.1988) (loaded gun found on couch near defendant was, as a tool of the trade, evidence of an intent to distribute). Thus we find the evidence sufficient to support the jury's verdict finding Price guilty on the crack possession charge. United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir.) cert. denied, 111 S.Ct. 272 (1990); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir.1979).
 
 
 15
 We have considered Price's other assertions of error and find them to be without merit. Price's counsel did not object to either the challenged portion of the prosecutor's closing argument or to the section of the court's instructions which he now claims improperly shifted the burden of proof. Assuming for the sake of argument that his objections to these alleged errors would have been sustained if timely raised, we do not believe that plain error occurred.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation